NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHIDDY GOLDEN, an individual, | No. 25-2058 |
| Plaintiff - Appellant, | D.C. No. 2:24-cv-02935-SB-JPR |
| v. | MEMORANDUM* |
| FORD MOTOR CREDIT COMPANY LLC, a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS, INC., is a business entity, form unknown; EQUIFAX INFORMATION SERVICES LLC, is a business entity, form unknown; TRANSUNION, a business entity, form unknown; DOES, 1-10, inclusive, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted June 30, 2026**

Before: GOULD, FRIEDLAND, and MENDOZA, JR., Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Chiddy Golden ("Golden") appeals the district court's entry of final judgment against him following a trial and jury verdict in favor of Appellee Ford Motor Credit Company ("Ford"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a jury verdict for substantial evidence, viewing the evidence in the light most favorable to Ford and without reweighing the evidence. *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 992 (9th Cir. 2007); *Mozart Co. v. Mercedes-Benz of N. Am., Inc.*, 833 F.2d 1342, 1350 (9th Cir. 1987); *see also Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) ("Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." (quoting *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir.1987))). We review a district court's evidentiary rulings for abuse of discretion and will reverse only if the error was prejudicial. *C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014) (en banc). Challenges to a district court's management of trial are reviewed for abuse of discretion. *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996). Finally, we reverse on the basis of judicial misconduct only when the court's actions showed actual bias or created the appearance of bias. *United States v. Marks*, 530 F.3d 799, 806 (9th Cir. 2008).

1. The jury's verdict is supported by substantial evidence. There was

sufficient evidence adduced at trial to support the jury's verdict that Golden failed to make a payment obligated by a lease agreement he entered into, and that Ford therefore did not violate either the Fair Credit Reporting Act ("FCRA") or the California Credit Reporting Act ("CCRA") in reporting that missed payment. Although Golden contends that he did not sign a lease agreement authorizing additional payments, there was a sufficient evidentiary basis for the jury to find against him on that issue. Second, substantial evidence supports the jury's determination that Ford was not estopped from enforcing the lease provision requiring continued payments after the end of the lease given that Golden still had possession of the vehicle. Because there was a sufficient evidentiary basis for the jury's verdict, we must uphold it and Golden's arguments fail.

2. The district court did not err in admitting various exhibits into evidence. Golden, through his prior counsel, stipulated to the admission of many of the exhibits and did not object to any of the exhibits' admission at trial. *United States v. Cook*, 53 F.3d 1029, 1031 (9th Cir. 1995) ("The objection was waived by not being made at trial."). Golden is bound by his prior counsel's actions regardless of whether he now disagrees with them. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); *cf. Latshaw v. Trainer Wortham & Co.*, 452 F.3d

25-2058

1097, 1101 (9th Cir. 2006); *see also Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) ("A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.").

3. We also discern no error with the district court's management of the trial and imposition of time limits. *See Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1508 (9th Cir. 1995) ("Generally, a district court may impose reasonable time limits on a trial."). The record reflects that the district court was flexible with its time limitations, and it was not an abuse of discretion for the court to ostensibly impose a shorter time period than that requested by the parties. *See Amarel*, 102 F.3d at 1514 (holding that the district court did not abuse its discretion when it applied its time limitations flexibly); *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 451 (9th Cir. 1994) (holding that the district court did not abuse its discretion when it gave the parties significantly less time than they requested but allowed parties to request additional time if necessary).

4. To the extent that Golden seeks reversal of the district court's judgment based on judicial misconduct, we disagree that reversal is warranted. None of the conduct with which Golden takes issue, including statements made by the judge to Golden outside the presence of the jury, evinces bias or partiality. *Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 779–80 (9th Cir. 1990) ("Litigants are entitled to a

judge who is detached, fair and impartial."). The district court did not abuse its discretion by intervening to ensure that Golden was responsive to the questions asked him. *See United States v. Laurins*, 857 F.2d 529, 537 (9th Cir. 1988) ("A trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition.").

5. We lack jurisdiction to review the district court's denial of Golden's motion for a new trial and to amend the judgment under Federal Rule of Civil Procedure 59. An appealing party must file a notice of appeal within thirty days "after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). And a party wishing to challenge an order disposing of a Rule 59 motion must file a notice of appeal or an amended notice of appeal following entry of the relevant order. *Id.* 4(a)(4)(A)(iv); *id.* 4(a)(4)(B)(ii). Golden did not do so, and we therefore lack jurisdiction to review the district court's denial of his Rule 59 motion. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (holding that parties generally must file an amended or new notice of appeal to challenge a post-judgment order arising after a first notice of appeal was filed).

**AFFIRMED.**[2]

---

[2] Golden's two Motions for Judicial Notice, Dkt. 9 & Dkt. 10, are denied.